IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00038-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL MARBAN-FIGUEROA,

    Defendant.

## ORDER FOR RELEASE ON BOND

Defendant requests release on conditions. I held a hearing concerning detention in this matter on February 14, 2012. At the end of that hearing, I took the matter under advisement. In making the following ruling, the Court has considered the arguments of counsel as contained in the motion, the evidence produced at the hearing, and the Court's file (including the Pretrial Services Report).

In the Bail Reform Act Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios,* 791 F.2d 246, 250 (2d Cir. 1986) (quoting S. Rep. No. 98-225, reprinted in 1984 U.S.C.C.A.N. 3182). The Supreme Court has stated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno,* 481 U.S. 739, 755 (1987). Here, however, there is a presumption of detention imposed by Congress pursuant to 18 U.S.C. § 3142(e) due to Defendant being charged with a drug crime for which the maximum sentence is ten years or more. 18 U.S.C. § 3142(f)(1)(C).

Despite the presumption of detention here, the United States has the ultimate burden of proof and persuasion on whether there are release conditions that can reasonably assure the Defendant's appearance and protect against danger to the community. *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001). The presumption of detention does put upon the Defendant a burden of production. "[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) (citations omitted). "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.*

The relevant factors in determining whether there are conditions of release that will reasonably assure the appearance of Defendant or the safety of the community include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence, (3) the defendant's personal circumstances, including family and community ties, criminal history, any indication of drug and alcohol abuse, and whether at the time of the offense or arrest the defendant was on probation, parole, or conditional release, and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Cortez,* 12 F. App'x 708, 710 (10th Cir. 2001).

**(1)** ***Nature and circumstances of the offense charged, including whether the offense is a crime [that] involves a . . . controlled substance [or] firearm***

The charges against Defendant as currently framed involve controlled substance distribution. Here, Defendant is charged with a serious (at least, in terms of potential penalty) drug distribution offense which, by itself, if resulting in a conviction, involves a mandatory minimum of 10 years in prison. This factor weighs in the Government's favor.

**(2)**   *The weight of the evidence*

The evidence against Defendant appears strong. His involvement, according to the Government, is menial work such as cleaning the location where the drugs were allegedly stored and helping load and unload shipments of drugs or money. The Government does not contend that Defendant actually sold or delivered drugs, or that he had a weapon. This factor weighs slightly in the Government's favor.

**(3)**   *The Defendant's history and characteristics, including*

   (A)   His Character

Other than the mere fact of the alleged crime, the Government submitted no evidence concerning Defendant's character. Defendant has no prior offenses in his 27 years lawfully in this country. He lives with his wife and two step-children. There is no evidence of substance abuse. This factor weighs slightly in the Defendant's favor.

   (B)   Physical and Mental Condition

Other than high cholesterol, the record does not discuss his health. I would have to say that this factor weighs in the Defendant's favor as well.

   (C)   Family Ties

As noted above, Defendant lives with his wife and step-children. His wife and

children were in Court.  He does have family in Mexico as well.  This weighs in favor of Defendant.

    (D)    Financial Resources

Defendant lacks financial resources.  His wife has approximately $100,000 in equity in two different homes.  This factor weighs in the Defendant's favor.

    (E)    Length of residence in the community

Defendant has lived in Colorado for twenty-seven years as a lawful permanent resident.  The Court believes that this is again a factor in the Defendant's favor.

    (F)    Community Ties

As with the family ties, Defendant's community is the Denver area.  This factor weighs in the Defendant's favor.

    (G)    Past Conduct

Other than the fact of Defendant's unemployment in the past several years (a fate he shares with millions in this country), there is nothing remarkable in the Defendant's past. This factor weighs in the Defendant's favor.

    (H)    History related to drug or alcohol abuse

There is no reported substance abuse.  This factor weighs in the Defendant's favor.

    (I)    Criminal History

Defendant's criminal history is clean.  This factor weighs heavily in the Defendant's favor.

    (J)    Record concerning appearance at court proceedings

This factor weighs in the Defendant's favor, as there is no history of court involvement.

    (K)    Whether, at the time of the current offense or arrest, the defendant was on probation, parole, or some other release status

This factor weighs in the Defendant's favor.

*(4)*    *The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.*

Other than the instant offense, there is no record of criminal conduct. Even with the current offense, although the type of work performed by the Defendant and alleged by the Government is necessary for a drug distribution operation, Defendant's role was minor. There is no history nor even implication of danger to the community other than Government counsel's statement that he is concerned with potential future drug activity by the Defendant. This weighs in the Defendant's favor.

Considering the totality of the record before me, I believe the factors weigh in the Defendant's favor. Although simple mathematics would establish that the factors are *far* more in the Defendant's favor than the Government's, that is not the task for this Court. These decisions cannot be reduced to a simple equation, but in this case, both the mathematics and the Court's intuition tip toward the Defendant's position that the presumption has been overcome. Indeed, except for Defendant's nationality, which creates the possibility of removal to Mexico in the event of a conviction, this is the strongest case for conditions of release that I have seen in a statutory presumption case. When the presumption of detention is present, the Court must look for reasons why the presumption

should not apply. Here, I have found them. I find that the Government has not met its ultimate burden of establishing by clear and convincing evidence that no conditions are adequate to assure the safety to persons or the community, nor by a preponderance of the evidence that Defendant is a risk of nonappearance.

I will permit the Government to advocate for reasonable conditions of release. Those shall include, at a minimum, (1) a $75,000.00 property bond and (2) either halfway house, home detention or monitoring (active or passive GPS) aspects. The Defendant should also be aware that with one significant violation of his conditions of release, I will order him detained.

SO ORDERED.

DATED and ENTERED this 14th day of February, 2012, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge